

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS

**ATTORNEY GENERAL**

Honorable E. N. Jones, President
Texas College of Arts and Industries
Kingsville, Texas

Dear Sir:

Opinion No. 0-7057
Re: Whether the charge of a special
medical-hospitalization fee to
all studenst of the Texas College
of Arts and Industries would be
in conflict with the State law

We have your letter of September 11, 1946, which reads, in substance,
as follows:

- Subsequent to a recent ruling by the Veterans Adminis-
tration that a student activity fee cannot be paid
by the Veterans Administration to colleges for war
veterans enrolled, we asked the Veterans Administration
whether it will approve the payment of a special medical
and hospital fee. The Veterans Administration replied:
"Permissible to include a medical service charge of
$3.00 per semester, $6.00 per term provided there is
no conflict of State law and it is the same charge
that is made to non veterans and veterans alike."

With respect to the above stated matters, you have requested this Department
for an opinion on the following submitted question: Whether the charge  of
a special medical-hospitalization fee  to all students of the Texas College
of Arts and Industries would be in conflict with the State laws appertaining
thereto.

Acts 1933, 43rd Legislature, Reg. Sess. Ch. 196, P. 596, as amended by
the addition of Sec. 4a, 46th Legislature, Senate Bill 283, Para. 1
(Art. 2654c, V. A. C. S.) applies to the several State institutions of
collegiate rank in Texas. Rainey vs. Malone, Civ. App. 141 S. W. (2)
713.

This Department in its Opinion No. 0-177 and No. 0-2259, copies of which
are attached hereto, ruled that such institutions are not authorized to
require any charges from students other than those authorized under
Article 2654c, as amended, and the laboratory charges provided for in
Section 2 of Acts of 1927, 40th Legislature, Ch. 237, p. 351 (Art. 2654c,
V. A. C. S.). The pertinent provisions of said Act being quoted in full
in the enclosed opinion, we think it unnecessary to copy same herein.

A re-examination of the statute enumerated and of the State laws relative to the subject of tuition, fees and charges which State institutions may require of students reveals no subsequent legislation which would affect the charges permitted to be made by the Texas College of Arts and Industries, Article 2589c, Vernon's Annotated Civil Statutes, authorizing the collection of a compulsory group hospitalization fee, is specifically limited to the University of Texas, as is also Article 2589d, Vernon's Annotated Civil Statutes, specifically authorizing the levy of a fixed students fee for the purpose of operating, maintaining and improving the Texas Union. We adhere to the conclusions expressed in our former opinions Nos. 0-177 and 0-2259. The Legislature in the above enumerated statute has prescribed the charges which said institutions are permitted to require of students registering therein; no additional charges may be required by the said State colleges in the absence of an exception permitted by legislative enactment. We find no such exception permitting the Texas College of Arts and Industries to require the payment by its students of a special medical-hospitalization fee.

It is, therefore, our opinion that the Texas College of Arts and Industries is without authority to require the payment of a medical-hospitalization fee by all its students, and that the levying of such a charge upon its students would be in conflict with the State laws concerning the tuition rates to be charged by State Institutions of collegiate rank.

Trusting the above satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Chester E. Ollison


By
    Chester E. Ollison
    Assistant

CEO:bt/ldw

APPROVED SEP. 17, 1948
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN